IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







WR-63,282-01




EX PARTE RAMIRO HERNANDEZ, a.k.a. RAMIRO HERNANDEZ LLANAS





ON APPLICATION FOR WRIT OF HABEAS CORPUS 

FROM CAUSE NO. A97-364-1 IN THE 216TH DISTRICT COURT 


OF KERR COUNTY



Per curiam. Hervey, J., not participating.



O R D E R




This is a post conviction application for writ of habeas corpus filed pursuant to the provisions of Article 11.071, Tex. Code
Crim. Proc.

On February 10, 2000, applicant was convicted of the offense of capital murder. The jury answered the special issues
submitted pursuant to Article 37.071, Tex. Code Crim. Proc., and the trial court, accordingly, set punishment at death. This
Court affirmed applicant's conviction and sentence on direct appeal. Hernandez v. State, No. 73,776 (Tex. Crim. App.
2002) (not designated for publication). 

In his application, applicant presents thirty-seven allegations challenging the validity of his conviction and resulting
sentence. In his twelfth allegation, applicant claims that his death sentence violates the U.S. Constitution because he is
mentally retarded, citing Atkins v. Virginia, 536 U.S. 304 (2002). The trial court made findings of fact and conclusions of
law recommending that the application be denied. However, the trial court did not hold a live hearing to consider the
testimony regarding the mental retardation issue. In this case, we find that a live hearing is necessary because both applicant
and the State rely heavily upon affidavits filed by experts and other persons who did not testify at trial and hence have not
been subject to cross-examination. Thus, this cause is remanded to the trial court for a live hearing so that the parties can
present evidence regarding the mental retardation issue. 

Because this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d 294 (Tex. Crim. App. 1960), this application
for a post-conviction writ of habeas corpus will be held in abeyance pending the trial court's compliance with this order.
The trial court shall resolve the issues presented within 90 days of the date of this order. (1) A supplemental transcript
containing the transcription of the court reporter's notes from the hearing and the trial court's findings of fact and
conclusions of law shall be returned to this Court within 120 days of the date of this order. (2)

IT IS SO ORDERED THIS THE 3RD DAY OF MAY, 2006.

Do Not Publish 

1. In the event any continuances are granted, copies of the order granting the continuance should be provided to this Court. 

2. Any extensions of this time period should be obtained from this Court.